IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      6:15-cr-10150-JTM-01,02

SHANE COX, and
JEREMY KETTLER,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on a motion to dismiss the indictment by defendant Shane Cox (Dkt. 29), and a motion to dismiss counts 5 and 13 by defendant Jeremy Kettler (Dkt. 32). For the reasons set forth herein, the court finds that the motions should be denied.

### I. Summary

A first superseding indictment filed March 9, 2016, contains thirteen counts. Dkt. 27. Shane Cox, who is named in all but two counts, is charged with three counts of unlawful possession of an unregistered firearm (26 U.S.C. § 5861(d)), one count of conspiracy (18 U.S.C. § 371), five counts of unlawful transfer of an unregistered firearm (26 U.S.C. § 5861(e)), one count of unlawfully making a firearm in violation of the National Firearms Act (26 U.S.C. § 5861(f)), and one count of unlawfully engaging in business as a dealer and manufacturer of firearms (26 U.S.C. § 5861(a)). Jeremy Kettler is charged in three counts: one count each of making false statements on a matter within

the jurisdiction of the executive branch of the U.S. Government (18 U.S.C. § 1001), conspiracy (18 U.S.C. § 371), and unlawful possession of an unregistered firearm (26 U.S.C. § 5861(d)).

The "firearms" identified in the foregoing counts include silencers, destructive devices, and a short-barreled rifle. *See* 26 U.S.C. § 5845(a) (defining "firearm" under the National Firearms Act (NFA) to include the foregoing devices). The NFA generally requires individuals who make or transfer these types of firearms to register them and to pay a special tax. *See Johnson v. United States*, 135 S.Ct. 2551 (2015). Section 5861 of the Act makes it unlawful to possess, make, receive, or transfer a firearm covered by the Act without having registered or paid the tax required by the Act.

In his motion to dismiss, defendant Cox argues that 26 U.S.C. § 5861 is unconstitutional because it is an invalid exercise of Congress' power to tax: "Congress has used the power to tax as a subterfuge to regulate the possession of certain weapons, and to punish severely the possession of those weapons not brought within the federal regulation scheme, thus the statute is unconstitutional." Dkt. 29 at 5. Defendant claims that "[o]n its face, and as applied, the statute … is much more than a taxing measure," because the NFA "gives the government the discretion to decide who can register a firearm, prohibits the registration of weapons the government determines may not be legally made, transferred, or possessed, and then criminally punishes the failure to register the weapon." *Id.* at 11. Defendant claims this is unconstitutional "because it goes beyond the power to tax." *Id.*

Cox additionally argues that 26 U.S.C. § 5861(d) is not valid under Congress' power to regulate interstate commerce. Dkt. 29 at 13. Defendant argues that criminalizing the intrastate possession of a firearm does not implicate any of the three areas of interstate commerce that Congress may properly regulate – i.e., the channels of interstate commerce; the instrumentalities of interstate commerce (including persons and things in interstate commerce); and activities that substantially affect interstate commerce. *Id.* at 15-18 (*citing, inter alia, United States v. Lopez*, 514 U.S. 549 (1995) (prohibition on possession of a firearm in a school zone exceeded Congress' authority to regulate interstate commerce)).[1]

Defendant Jeremy Kettler moves to dismiss Counts 5 and 13 on grounds of entrapment by estoppel. Kettler contends that he relied in good faith on the Kansas Second Amendment Protection Act, which declares in part that any firearm or "firearm accessory," including a silencer, which is made in Kansas and which remains in Kansas, "is not subject to any federal law … under the authority of congress to regulate interstate commerce." *See* K.S.A. § 50-1204. Kettler argues that 26 U.S.C. § 5861 "require[s] knowledge that someone is possessing a 'firearm' in violation of the federal prohibition in order to be found guilty," and that he "could not have known that any attribute of the 'firearm' brought it within federal regulation because the Kansas

---

[1] Cox opened and closed his brief with assertions that he did not intend to violate the law. *See* Dkt. 29 at 2 ("Cox relied on his State of Kansas representatives and did not believe he was violating the law") and at 25 ("defendant had reason to believe in and rely on the law of Kansas"). These assertions about Cox's subjective intent are not otherwise argued in the briefs. To the extent Cox is arguing that he did not have the intent necessary to commit the offense, that is a question for the jury to decide based upon the evidence and the instructions given at trial. To the extent Cox is raising a defense of entrapment by estoppel, that argument is rejected for the same reasons set forth herein pertaining to defendant Kettler.

legislature … explicitly told the citizens of the State of Kansas that a sound suppressor did not fall within federal regulation." Dkt. 32 at 4.  Kettler argues that this amounts to a defense of entrapment by estoppel, which can arise from a person's reasonable reliance upon the misleading representations of a government agent. *Id.* at 4 (*citing United States v. Hardridge*, 379 F.3d 1188 (10th Cir. 2004)).

## II. Discussion

A. <u>Whether 26 U.S.C. § 5861 is a valid exercise of Congress' taxing authority</u>.  The National Firearms Act imposes strict regulatory requirements on certain statutorily defined "firearms." *Staples v. United States*, 511 U.S. 600, 602 (1994). Under the Act, the term "firearm" includes, among other things, a rifle having a barrel of less than 16 inches in length, a silencer, and a destructive device. 26 U.S.C. § 5845(a). Under the Act, all such firearms must be registered in the National Firearms Registration and Transfer Record maintained by the Secretary of the Treasury. § 5841. Section 5861(d) makes it a federal crime, punishable by up to 10 years in prison, for any person to possess a firearm that is not properly registered. *Staples*, 511 U.S. at 602-03.

Among other things, the Act imposes a tax upon dealers in these firearms (§ 5801); requires registration of dealers (§ 5802); imposes a tax of $200 per firearm on the maker of the firearm (§ 5821); imposes a $200 tax on each firearm transferred, with the tax to be paid by the transferor (§ 5811); and prohibits transfers unless a number of conditions are met, including that the transferor must file an application with the Secretary, the transferor must pay the required tax and identify the transferee and the firearm, and the Secretary must approve the transfer (§ 5812).

As Cox concedes, the Supreme Court long ago rejected the argument that the Act was not a valid exercise of Congress' authority to levy taxes because it was allegedly designed as a penalty to suppress trafficking in certain firearms. *See Sonzinsky v. United States*, 300 U.S. 506, 512-14 (1937) ("a tax is not any the less a tax because it has a regulatory effect"). Since then, the Tenth Circuit, like all other circuits to address the issue, has found that § 5861 represents a valid exercise of Congress' taxing authority. *See United States v. Houston*, 103 F. Appx. 346, 349-50, 2004 WL 1465776 (10th Cir. 2004) ("Mr. Houston fails to establish 26 U.S.C. § 5861(d) and its parent act are beyond Congress' enumerated power to either regulate commerce through firearms registration requirements, or impose a tax thereon."); *United States v. Roots*, 124 F.3d 218 (Table), 1997 WL 465199 (10th Cir. 1997) ("*Lopez* does not undermine the constitutionality of § 5861(d) because that provision was promulgated pursuant to Congress's power to tax"). *See also United States v. Village Center*, 452 F.3d 949, 950 (8th Cir. 2006) ("irrespective of whether § 5861(c) is a valid exercise of Congress's commerce clause authority … it is a valid exercise of Congress's taxing authority"); *United States v. Lim*, 444 F.3d 910, 914 (7th Cir. 2006) ("Section 5861(d), as applied to Lim's possession of the sawed-off shotgun, is a valid use of Congress's taxing power"); *United States v. Pellicano*, 135 F. Appx. 44, 2005 WL 1368077 (9th Cir. 2005) (valid exercise of taxing power); *United States v. Oliver*, 208 F.2d 211 Table), 2000 WL 263954 (4th Cir. 2000) (the weapon need not have traveled in interstate commerce because § 5861 "has been held to be a valid exercise of the power of Congress to tax"); *United States v. Gresham*, 118 F.3d 258, 261-62 (5th Cir. 1997) ("Gresham charges that Congress has used the taxing power as a pretext

to prohibit the possession of certain disfavored weapons, without any rational relationship to the revenue-raising purposes of the Internal Revenue Code. … To the contrary, it is well-settled that § 5861(d) is constitutional because it is 'part of the web of regulation aiding enforcement of the transfer tax provision in § 5811.'"); *United States v. Dodge*, 61 F.3d 142, 145 (2nd Cir. 1995) (the registration requirement "bears a sufficient nexus to the overall taxing scheme of the NFA and, therefore, assists the government in collecting revenues.").

Defendant tries to get around these cases by relying on *United States v. Dalton*, 960 F.2d 121 (10th Cir. 1992). In that case the Tenth Circuit held it was unconstitutional to convict a defendant for possessing an unregistered machine gun when there was a separate criminal ban on possession of machine guns. The ban made registration of such weapons a legal impossibility. In that circumstance, the Tenth Circuit found, the § 5861 could not reasonably be viewed as an aid to the collection of tax revenue. *See Dalton*, 960 F.2d at 125 ("a provision which is passed as an exercise of the taxing power no longer has that constitutional basis when Congress decrees that the subject of that provision can no longer be taxed."). But the Tenth Circuit soon made clear that *Dalton* applied only if there was a statutory ban on possession of the particular firearm. Thus, § 5861 was constitutionally applied to possession of a sawed-off shotgun, a weapon as to which there was no separate ban. *United States v. McCollom*, 12 F.3d 968 (10th Cir. 1993). *See also United States v. Berres*, 777 F.3d 1083 (10th Cir. 2015) (rejecting due process challenge to conviction for possession of unregistered flash-bang device). The *McCollom* rule applies equally to the firearms identified in the indictment in this case – silencers,

short-barreled rifles, and destructive devices – because it was legally possible to register and pay the required tax on such items. *Berres*, 777 F.3d at 1088; *McCollom*, 12 F.3d at 971 ("[d]ifferent from *Dalton*, the registration of this weapon was not a legal impossibility."); *United States v. Eaton*, 260 F.3d 1232, 1236 (10th Cir. 2001) (defendant's conviction for possessing unregistered pipe bombs did not violate due process; there was no statute criminalizing possession of pipe bombs and defendant was not precluded by law from registering them).

Finally, Cox contends that because the government retains some authority to deny an application for registration of a firearm, that fact somehow renders the Act unconstitutional. Dkt. 29 at 8-9. As an initial matter, the court notes defendant has not alleged that an application for registration of these particular firearms was in fact denied. Moreover, the Tenth Circuit has made clear that it is only when registration is a legal impossibility that application of § 5861 constitutes a due process violation. *See McCollom*, 12 F.3d at 971 ("Even if it is unlikely that the firearm would have been accepted for registration, the defendant has cited no statute which makes the possession of short-barreled shotguns illegal."); *Eaton*, 260 F.3d at 1236 ("[w]hether the ATF would have accepted the pipe bomb for registration does not bear on the issue of legal impossibility."). *See also United States v. Shepardson*, 167 F.3d 120, 123 (2nd Cir. 1999) (same); *United States v. Aiken*, 974 F.2d 446, 449 (4th Cir. 1992) ("The fact that not everyone might be able to obtain a short-barreled shotgun, since the BATF must first approve the reasonable necessity and public safety declarations, does not invalidate the NFA as a taxing statute."). *See also Dist. of Columbia v. Heller*, 554 U.S. 570, 624 (2008)

("the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns.").

Defendant has not alleged or made any showing that registration of the firearms identified in the indictment was a legal impossibility. Under these circumstances, Tenth Circuit law compels a finding that application of § 5861(d) rationally furthers the NFA scheme for collecting taxes and constitutes a valid exercise of Congress' taxing authority. *McCollom, supra. See also* U.S. CONST. art. I, § 8 ("The Congress shall have Power To lay and collect Taxes"); *Sonzinsky*, 300 U.S. at 514 ("an Act of Congress which on its face purports to be an exercise of the taxing power is not any the less so because the tax is burdensome or tends to restrict or suppress the thing taxed."). Accordingly, defendant Cox's motion to dismiss the indictment must be denied. In view of this finding, the court need not address Cox's additional argument that § 5861 exceeds Congress' power to regulate interstate commerce.

B. Entrapment by estoppel. "The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor implicates due process concerns under the Fifth and Fourteenth Amendments." *United States v. Bradley*, 589 F. App'x 891, 896 (10th Cir. 2014) (*quoting United States v. Nichols,* 21 F.3d 1016, 1018 (10th Cir. 1994), *cert. denied,* 135 S. Ct. 1511, 191 L. Ed. 2d 445 (2015)).

To establish the defense, a defendant must show: (1) an active misleading by a government agent who is responsible for interpreting, administering, or enforcing the

law defining the offense; and (2) actual reliance by the defendant, which is reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation. *Bradley*, 589 F. Appx. at 896 (*citing United States v. Rampton*, 762 F.3d 1152, 1156 (10th Cir. 2014)).

Defendant Kettler's assertion of this defense fails to satisfy the first element. He contends he was misled by the State of Kansas (or its legislature), because it represented through adoption of K.S.A. § 50-1204 that possession of a silencer that was made in and remained in Kansas was not subject to any federal law.[2] But Kansas officials and representatives are not responsible for interpreting or enforcing the law defining this offense - 26 U.S.C. § 5861 - which is a federal statute adopted by Congress, interpreted by the courts of the United States, and enforced by the executive branch of the United States. Kansas officials have authority to declare the laws of Kansas, but they have no responsibility for construing or enforcing federal laws such as this. The defense of entrapment by estoppel is not available to defendant in these circumstances. *See Gutierrez-Gonzales*, 184 F.3d 1160, 1167 (10th Cir. 1999) ("the 'government agent' must be a government official or agency responsible for enforcing the law defining the offense"); *United States v. Stults*, 137 F. Appx. 179, 184, 2005 WL 1525266, *5 (10th Cir. 2005) (advice given by state probation and state judge was not the advice of a federal official and did not give rise to entrapment by estoppel); *United States v. Hardridge*, 379 F.3d 1188, 1195 (10th Cir. 2004) (Kansas City Police Department was not responsible for interpretation

---

[2] K.S.A. § 50-1204 declares that a firearm accessory which is made in Kansas and which remains in Kansas "is not subject to any federal law, … *under the authority of congress to regulate interstate commerce.*" [emphasis added]. The provision does not mention Congress' power to levy taxes.

or enforcement of federal firearms law). *See also United States v. Miles*, 748 F.3d 485, 489 (2nd Cir. 2014) (citing "unanimous" rule that state and local officials cannot bind the federal government to an erroneous interpretation of federal law).

Kettler nonetheless argues that the representation in this instance came from "a governing body of such character [as] to render reliance reasonable." Dkt. 32 at 6. But the above cases demonstrate that it is not reasonable to rely upon representations about the validity of federal law from officials who have no authority over federal law.

Kettler contends the *mens rea* for an offense under § 5861 could not possibly have been present. Dkt. 32 at 4. In so arguing, he mistakenly asserts that § 5861 requires proof that he knew possession of an unregistered silencer was a violation of the federal law. *Id*. But in *Staples v. United States*, 511 U.S. 600 (1994), where the defendant was charged with possession of an unregistered machine gun, the Court held only that the government must prove the defendant knew *of the characteristics of his weapon* that made it a firearm under the NFA, not that he knew the NFA required its registration. *See Staples*, 511 U.S. at 622, n.3 (Ginsburg, J., concurring) ("The *mens rea* presumption requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, 'deeply rooted in the American system,' that, ordinarily, 'ignorance of the law or a mistake of law is no defense to criminal prosecution.'"); *United States v. Michel*, 446 F.3d 1122, 1130 (10th Cir. 2006) ("Although the government was required to prove Mr. Michel knew the gun was a sawed-off shotgun, it was not required to further prove he knew it was supposed to be registered or that it lacked a serial number.").

As such, under § 5861 the government must prove the defendant knew that the device in question was "for silencing, muffling, or diminishing the report of a portable firearm," not that he knew possession of such an unregistered item violated the NFA. *See* 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(24). Whether or not defendant had the requisite knowledge for commission of that offense is a question for the jury to determine from the evidence.

**IT IS THEREFORE ORDERED** this 10th day of May, 2016, that the defendants' motions to dismiss the indictment (Dkts. 29 and 32) are DENIED. Defendants' motions to join in each other's motions (Dkts. 30 and 31) are GRANTED.

        ___s/ J. Thomas Marten_____
        J. THOMAS MARTEN, JUDGE