# UNITED STATES DISTRICT COURT
## District of Kansas
### (Wichita Docket)

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

  v.            CASE NO. 15-10150-01,02-JM

**SHANE COX, and**
**JEREMY KETTLER,**

  **Defendants.**

## GOVERNMENT MOTION IN LIMINE

COMES NOW the United States, by and through Assistant United States Attorney Richard L. Hathaway, who submits this Motion in Limine requesting a pretrial ruling on a possible theory of defense and related jury instructions.

Specifically, the United States requests the Court find that any defense based on Kansas' enactment of the Second Amendment Protection Act (hereinafter SAPA) is not a valid legal defense.

Defendants are charged in a superseding indictment with unlawful possession, manufacture and transfer of silencers, among other crimes.[1]

The United States requests the Court issue a pretrial order that Defendants cannot raise the state law as a defense in this federal case to any count of the pending indictment, which is a potential defense identified through the filing of Defendants' motions to dismiss (Dkts. 29 and 32).

In 2013, Kansas enacted a series of statutes commonly referred to as the "Second Amendment Protection Act." *See* K.S.A. § 50-1201. The intent of the statute is to secure the right of Kansas citizens to keep and bear arms. *See* K.S.A. § 50-1202(d). As it relates to this case, the statute has two relevant provisions.

First, Section 50-1203(b) distinguishes a firearm from a firearm accessory, the latter of which includes "flash or sound suppressors" within its definition. Under the Federal law, however, pursuant to 26 U.S.C. § 5845(a)(7) the term firearm includes "any silencer (as defined in section 921 of title 18, United States Code)". Under 18 U.S.C. § 921(a)(24), "[t]he terms 'firearm silencer' and 'firearm muffler' mean any device for silencing,

---

[1] In the First Superseding Indictment, Document 27, Kettler is charged with Making False Statements During a Federal Investigation, Conspiracy and Possession of Unregistered Firearm, in violation of 18 U.S.C. 1001, 18 U.S.C. 371 and 26 U.S.C. 5861(d), respectively.  Cox is charged with Possession of Unregistered Firearm, Conspiracy, Transfer of Firearm in Violation of National Firearms Act, Making A Firearm in Violation of National Firearms Act and Engaging in Business as Dealer and Manufacturer of Firearms, in violation of 26 U.S.C. 5861(a), (d), (e), (f), and 18 U.S.C. 371, respectively.

muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."

Second, the SAPA states that "[A] personal firearm, a firearm accessory or ammunition that is manufactured commercially or privately and owned in Kansas and that remains within the borders of Kansas is not subject to any federal law, treaty, federal regulation, or federal executive action, including any federal firearm or ammunition registration program, under the authority of Congress to regulate interstate commerce." K.S.A. § 50-1204(a).

Ultimately, any reliance by Defendants upon these sections (or others) within the SAPA, which is clearly preempted by federal law, is misplaced. Defendants conceded in an earlier filing with this Court that SAPA was modeled on the Montana Firearms Freedom Act (MFFA), Mont. Rev. Code § 30-20-101, et. seq., (2009):

> Kansas and many other states have enacted laws aiming at nullifying federal firearms regulation. Many of the laws, including the Kansas Act, appear to have been modeled on the Montana Firearms Freedom Act . . .

Doc. 29 at 2.

The Court of Appeals for the Ninth Circuit held that the Montana act, which provided that conduct conforming to the MFFA was not subject to federal law or federal regulation, was preempted and invalid. *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 955, U.S. Jan. 13, 2014.  Any reliance on an invalid law is inappropriate. *See also* Article VI, Paragraph 2 of the United States Constitution (i.e. the Supremacy Clause) which states "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Silencers have been federally regulated and taxed since 1934, when Congress enacted the original National Firearms Act.  Indeed, jurisdiction for the silencer counts are based on the authority of Congress "under the taxing clause to define as a crime the possession of an unregistered silencer." *United States v. Hall*, 171 F.3d 1133, 1142 (8th Cir. 1999).

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *United States v. Randall*, 661 F.3d 1291, 1295-96 (10th

Cir. 2011) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988). A jury instruction on a theory of defense must have evidentiary and legal support. *United States v. Visinaiz*, 428 F.3d 1300, 1308 (10th Cir. 2005). The trial court is not required to give a theory of the defense instruction "which lacks a reasonable legal and factual basis." *United States v. Al-Rekabi*, 454 F.3d 1113, 1121 (10th Cir. 2006).

It is clear that the Kansas statute does not apply to provide a valid and legally cognizable defense to any count of the instant indictment. Defendants should not be allowed to use the Kansas State law as a defense.

As decided by this Court in the May 10, 2016, Memorandum and Order (Dkt. 34), as a matter of law neither defendant can raise an entrapment by estoppel argument relating to the SAPA. Defendant Kettler unsuccessfully moved to dismiss indictment counts, arguing that he could not have known his actions were unlawful because the Kansas legislature explicitly told its citizens that a sound suppressor did not fall within federal regulation. *See* Memorandum and Order, dated May 10, 2016, pps 3-4, Document 34 (*citing* Dkt 32 at 4). However, the Court held Kettler failed to satisfy a required entrapment by estoppel element – an active misleading by a government agent responsible for interpreting, administering or

enforcing the law defining the offense – because Kansas officials are not responsible for interpreting or enforcing 26 U.S.C. 5861. *Id*. at pps. 8-9. The Court prevented defendant Cox from pursuing the defense as well in stating that "[t]o the extent Cox is raising a defense of entrapment by estoppel, that argument is rejected for the same reasons set forth herein pertaining to defendant Kettler. *Id*. at p. 3, footnote 1.

Any defense raised by either defendant that the Kansas SAPA allowed for an excuse for committing the respectively indicted conduct is an attempt at jury nullification, a concept which the Tenth Circuit has addressed in holding that "there is no right to jury nullification." *Crease v. McKune,* 189 F.3d 1188, 1194 (10th Cir.1999); *see* Jury Nullification, Black's Law Dictionary (10th ed. 2014) ("A jury's knowing and deliberate rejection of the evidence or refusal to apply the law either because the jury wants to send a message about some social issue that is larger than the case itself or because the result dictated by law is contrary to the jury's sense of justice, morality, or fairness."); *see also United States v. Gonzalez,* 596 F.3d 1228, 1237 (10th Cir.2010) ("[W]e disapprove of the encouragement of jury nullification."); *United States v. Rith,* 164 F.3d 1323, 1337 (10th Cir.1999) (stating "the law is clear: a criminal defendant

is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law.").

Therefore, the United States requests a pretrial ruling that Defendants cannot use SAPA as a defense to any count of the pending indictment. A defense based on this theory does not have legal support and is not based on a reasonable interpretation of the law, and is no more than an attempt at jury nullification. The United States requests a ruling be made prior to trial to allow the United States to better prepare for trial.

                              Respectfully submitted.

                              /s/ Richard L. Hathaway, #07767, for
                              Thomas E. Beall, Acting
                              United States Attorney
                              District of Kansas
                              444 SE Quincy, Suite 290
                              Topeka, KS 66683
                              Phone: (785) 295-2850