# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                  **CASE NO. 15-10150-01,02-JM**

**SHANE COX, and**
**JEREMY KETTLER,**

    **Defendants.**

## GOVERNMENT REPLY TO KETTLER'S RESPONSE, Doc. 40

COMES NOW the United States, by and through Assistant United States Attorney Richard L. Hathaway, who submits this reply to the response of Kettler to the government's motion in Limine requesting a pretrial ruling on a possible theory of defense and related jury instructions. The defendant posits that:

> At this time, Mr. Kettler is fully aware of the Court's pre-trial ruling on his motion to dismiss based on the theory of entrapment by estoppel. However, a detailed response to the government's motion would necessitate disclosure of defense strategy and other viable defenses for which there is no obligation to disclose pre-trial. As to particular items of evidence that might be presented at trial, the government has provided no grounds to suggest inadmissibility other than its fear of the jury's power to nullify. There is no reason to believe at this point that the defense intends to argue nullification. For this reason, we ask the

Court to defer any decision as to what defenses are available to the defendant until it has heard the evidence in this case.

The defendant's response is simply a thinly veiled effort to thwart the government motion and therefore be allowed to bootleg into jury selection, opening statement and presentation of evidence the defendants' reliance on a law that is unconstitutional. This effectively undermines the basic nature and purpose of limine motions.

"In limine" has been defined as "[o]n or at the threshold; at the very beginning; preliminarily." Black's Law Dictionary 708 (5th ed. 1979).

> We use the term in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered. Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials.

See generally Fed.Rule Evid. 103(c); cf. Fed.Rule Crim.Proc. 12(e). *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984); fn 2 & 4.

A motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the

consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. *State v. Shadden*, 290 Kan. 803, 816, 235 P.3d 436, 446–47 (2010).

Here defendants want to inject into the proceedings evidence of their reliance on Kansas' invalid Second Amendment Protection Act. This Court is the sole arbiter of the law that must be applied by the jury to the facts of this case. Now that the issue is squarely before the Court, the government requests that the Court rule, consistent with the Court of Appeals for the Ninth Circuit, which held that the Montana act, from which the Kansas Act is patterned, which provided that conduct conforming to the MFFA was not subject to federal law or federal regulation, was preempted and invalid. *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975 (9th Cir. 2013), cert. denied, 134 S. Ct. 955, U.S. Jan. 13, 2014.

The government also requests the defendants be prohibited from introducing any evidence about the law or their reliance on it because:

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *United States v. Randall*, 661 F.3d 1291, 1295-96 (10th Cir. 2011) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988). A jury instruction

on a theory of defense must have evidentiary and legal support. *United States v. Visinaiz*, 428 F.3d 1300, 1308 (10th Cir. 2005). The trial court is not required to give a theory of the defense instruction "which lacks a reasonable legal and factual basis." *United States v. Al-Rekabi*, 454 F.3d 1113, 1121 (10th Cir. 2006).

To do otherwise will allow the government to be unfairly prejudiced, will insert confusing issues in the case and will mislead the jury as to the law that they must follow.

> Respectfully submitted.
>
> /s/ Richard L. Hathaway, #07767,
> for Thomas E. Beall, Acting
> United States Attorney
> District of Kansas