# UNITED STATES DISTRICT COURT
## District of Kansas
### (Wichita Docket)

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.                       CASE NO. 15-10150-01,02-JM

**SHANE COX, and**
**JEREMY KETTLER,**

      **Defendants.**

**GOVERNMENT'S OPPOSITION TO KETTLER'S PROFFER OF ADMISSIBILITY, Doc. 48**

COMES NOW the United States, by and through Assistant United States Attorney Richard L. Hathaway, who submits this response in opposition to Kettler's proffer of admissibility of the Kansas Second Amendment Protection Act (hereinafter SAPA). On October 26, 2016, this Court correctly ruled that there would be no mention of SAPA, nor reliance upon SAPA as a defense. Defendant Cox belatedly joins in this proffer. Doc.50. Defendant Kettler asserts:

> The evidence at issue in the government's Motion in Limine, ruled on October 26, 2016, is the existence of the Kansas Second Amendment Protection Act. The Court's ruling is clear that Federal law preempts State law as it applies to the need to register certain "firearms" at issue

in this case. However, the fact that the State law is preempted and is not the operative law governing registration of the types of firearms at issue in this case does not mean that the existence of the State law is not highly factually relevant to certain elements of the charged crimes of indictment.

In making this argument he misconstrues the indictment as well as the *mens rea* for a violation of the false statement statute as well as the conspiracy statute. In count one he is charged with a violation of Title 18 United States Code, Section 1001 in that he did

> knowingly and willfully make a materially false, fictitious and fraudulent statement and representation, in that, the defendant represented that he did not pay for or own a firearm/silencer obtained from SHANE COX d/b/a/ Tough Guys, when in truth and in fact, as the defendant full well knew, he had purchased and did own a firearm/silencer obtained from SHANE COX d/b/a Tough Guys, and published that fact on the Facebook page for Tough Guys stating that he "Bought a suppressor from them (Tough Guys), awesome place to spend money."

Doc. 27, Count 1.

In Count Five of the First Superseding Indictment Mr. Kettler is charged with conspiracy to make, receive and transfer a firearm.

Kettler originally objected to making a proffer because:

At this time, Mr. Kettler is fully aware of the Court's pre-trial ruling on his motion to dismiss based on the theory of entrapment by estoppel. However, a detailed response to the government's motion would necessitate disclosure of defense strategy and other viable defenses for which there is no obligation to disclose pre-trial. Doc. 40.

It turns out that nothing has been revealed expect the defendants are circling back to their strategy to use SAPA to confuse the jury about the

2

issues in the case and obtain jury nullification. This was made known in the defendants earlier filings seeking dismissal of counts as well as the indictment as a whole. See Docs. 29 through 32. For those reasons which follow the Court's ruling should not be overturned.

### *Discussion:*

The *mens rea* for Title 26 firearms violation was correctly noted by this Court

> Kettler contends the *mens rea* for an offense under § 5861 could not possibly have been present. Dkt. 32 at 4. In so arguing, he mistakenly asserts that § 5861 requires proof that he knew possession of an unregistered silencer was a violation of the federal law. Id. But in *Staples v. United States*, 511 U.S. 600 (1994), where the defendant was charged with possession of an unregistered machine gun, the Court held only that the government must prove the defendant knew of the characteristics of his weapon that made it a firearm under the NFA, not that he knew the NFA required its registration. See *Staples*, 511 U.S. at 622, n.3 (Ginsburg, J., concurring) ("The *mens rea* presumption requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, 'deeply rooted in the American system,' that, ordinarily, 'ignorance of the law or a mistake of law is no defense to criminal prosecution.'"); *United States v. Michel*, 446 F.3d 1122, 1130 (10th Cir. 2006) ("Although the government was required to prove Mr. Michel knew the gun was a sawed-off shotgun, it was not required to further prove he knew it was supposed to be registered or that it lacked a serial number.").

Doc 34, p. 10.

The *mens rea* for making a false statement is found in the Pattern Instructions for the Tenth Circuit.

CONCEALMENT OF A MATERIAL FACT

> 18 U.S.C. § 1001(a)(1)
> The defendant is charged in count ____ with a violation of 18 U.S.C. section 1001(a)(1).
> This law makes it a crime to knowingly and willfully falsify, conceal, or cover up by any trick, scheme, or device a material fact within the jurisdiction of the [executive], [legislative] [judicial] branch of the United States Government.
> To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> First: the defendant **knowingly and willfully [falsified]** [concealed] [covered up] **a fact; specifically, that he [as described in indictment]**.
> Second: the defendant did so by a trick, scheme, or device, that is, by acting in a way intended to deceive others.
> Third: the subject matter involved was within the jurisdiction of the [executive] [legislative] [judicial] branch of the United States;
> Fourth: the fact was material to [government entity named in indictment], and
> Fifth: the defendant had a legal duty to disclose the fact.
> A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of [name of government entity].
> It is not necessary that [entity] was in fact influenced in any way.

Tenth Circuit Pattern Instruction 2.46. (Emphasis added).

The question before the jury will be did Kettler make a material false statement to an ATF Agent when he told the agent "he did not pay for or own a firearm/silencer obtained from SHANE COX d/b/a/ Tough Guys."

The *mens rea* for a conspiracy is whether the defendants "knowingly and voluntarily participated" in the conspiracy:

> CONSPIRACY
> 18 U.S.C. § 371
> The defendant is charged in count ____ with a violation of 18 U.S.C. section 371.This law makes it a crime to conspire to commit an offense

4

> against the United States. To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:
> First: the defendant agreed with at least one other person to violate the law.
> Second: one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.
> Third: the defendant knew the essential objective of the conspiracy.
> Fourth: the **defendant knowingly and voluntarily participated.**
> Fifth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Pattern Instruction 2.19. (Emphasis added).

Neither the existence nor reliance on SAPA by the two defendants has anything to do with the *men rea* in either of these counts

Kettler in his argument concerning due process posits that:

> It is a violation of due process to prosecute Mr. Kettler for doing exactly, and only what the SAPA promised he could do legally, without allowing the Jury to address the issue of whether he knew he was violating the law.

Doc. 48, p. 3.

This argument only has resonance and SAPA would only be relevant to Kettler's *mens rea* under section 1001 if the act authorized him to lie to federal agents. Similarly, SAPA would only be relevant to the *mens rea* of conspiracy if the act authorized individuals to enter into a conspiracy notwithstanding the prohibition of federal law.

5

***Conclusion:***

The Court must stand by its ruling on this matter to avoid the consequence of misleading the jury as to the law applicable to the charged offenses, which could lead to jury nullification

        Respectfully submitted.
        /s/ Richard L. Hathaway, #07767,
        for Thomas E. Beall, Acting
        United States Attorney
        District of Kansas