IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                Case No. 15-10150-01,02-JTM

SHANE COX, and
JEREMY KETTLER,

          Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the following: Defendant Kettler's Response (Dkt. 48) and the Government's Response (Dkt. 52) regarding a motion in limine; Defendant Cox's Motion for Joinder (Dkt. 50); and the Government's Motion to Oppose Entry of Appearance (Dkt. 48) and Defendant's Response (Dkt. 54).

1. <u>Responses concerning motion in limine</u>. In orally granting the Government's motion in limine at the hearing on October 26, 2016, the court indicated its conclusion that the Kansas Second Amendment Protection Act (SAPA), and defendants' asserted reliance on it, did not provide a valid defense to the federal charges in the indictment. That ruling was subject to production of a proffer by defendants pertaining to SAPA. Defendant Kettler has now made a proffer representing that the defense would produce the following evidence: that Cox handed out copies of SAPA when he sold silencers to Kettler and others; that Kettler would testify as to his knowledge of SAPA and would assert that he relied on it; that ATF Special Agent Downs would testify that in his

telephone conversation with Kettler, he learned that Kettler "was confused as to the investigation into Cox and his silencers because of the existence of the State law;" and that Cox would likely testify that he made Kettler aware of SAPA when they discussed silencers. Dkt. 48 at 6-7.

The court has not reconsidered its conclusions that SAPA provides no defense to the current charges or that the offenses charged do not require proof that the defendants knew or believed that their actions were against federal law. As the court ruled previously, the defendants cannot claim entrapment by estoppel because Kansas legislators and officials were not responsible for enforcing federal laws such as 26 U.S.C. § 5861. *See e.g. United States v. Gutierrez-Gonzales,* 184 F.3d 1160, 1167 (10th Cir. 1999) (for entrapment by estoppel defense, "the 'government agent' must be a government official or agency responsible for enforcing the law defining the offense"). And under § 5861(d), the Government is required to prove that a defendant knew of the characteristics of his weapon that made it a firearm under the National Firearms Act, but is not required to prove that the defendant knew the NFA required its registration. *Staples v. United States*, 511 U.S. 600 (1994); *United States v. Michel*, 446 F.3d 1122, 1130 (10th Cir. 2006). For that reason, defendants' asserted belief that federal laws did not apply by virtue of SAPA does not negate any element of the offenses charged.

The same is true with respect to the other charges in the indictment. Defendant Kettler contends that the "willfulness" element of an offense under 18 U.S.C. § 1001 makes his asserted reliance on SAPA relevant to Count One. But he is charged with willfully making a false statement to an agent – specifically, representing that he did not

pay for or own a silencer that he obtained from Cox. Nothing in SAPA pertains to or purports to excuse willfully making false statements. Similarly, the conspiracy charge in Count Five requires proof that the defendants agreed to commit the underlying offense (§ 5861) – that is, that they knowingly made an agreement to transfer firearms that were not properly registered, with knowledge of the characteristics of the weapons that made them subject to the registration requirement. In sum, defendants' asserted belief that federal law did not prohibit the transfer of such firearms does not negate the *mens rea* required for commission of any of the offenses charged in the indictment.

Despite these legal conclusions, defendant's proffer indicates that references to SAPA are interwoven with the evidence of the alleged offenses. Assuming that to be the case, the court will not attempt in a pretrial ruling to prohibit any mention of SAPA or to excise it from the evidence. Such evidence may be admissible as part of the *res gestae* of the offenses. Additionally, if the defendants testify, the court doubts that it could prohibit them from stating their awareness of SAPA or prevent them from asserting reliance on that law as they describe their mental state at the time of the alleged offenses. Such reliance may be unavailing as a legal matter, but it is ultimately up to the jury to determine whether the Government has proved all of the elements of the offense, including intent.

Assuming evidence of SAPA does come in, the court will have to instruct the jury on the proper consideration of such evidence. The court will explain that the offenses charged do not require proof that a defendant knew that what he was doing was prohibited by federal law, and that a defendant's asserted reliance on SAPA is not a

3

defense to the charges in the indictment. Accordingly, the court reconsiders its prior ruling in limine to the foregoing extent.

2. <u>Defendant Cox's Motion for Joinder</u> (Dkt. 50), which seeks to join in the foregoing proffer to the extent it is applicable to Cox, is granted.

3. <u>Government's Motion to Oppose Entry of Appearance</u> (Dkt. 51). The Government opposes the entry of an additional Assistant Federal Public Defender to represent defendant Cox. *See* Dkts. 49, 53. The Government argues that additional attorneys cannot be appointed under the CJA, but it cites nothing to show that an appearance by an additional attorney from within the same Federal Public Defender office that was appointed in the first instance is improper.

**IT IS THEREFORE ORDERED** this 7th day of November, 2016, that the court's prior in limine ruling (Dkt. 46) is reconsidered to the extent stated above. Defendant Cox's Motion for Joinder (Dkt. 50) is GRANTED. The Government's Motion to Oppose Entry of Appearance (Dkt. 51) is DENIED.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE