IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,
    *Plaintiff*,

v.                                  Case No. **15-10150-01, 02 JTM**

**SHANE COX, and
JEREMY KETTLER**,
    *Defendants*.

---

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND
MEMORANDUM IN SUPPORT OF GOOD FAITH INSTRUCTION**

---

The defendant, Shane Cox, by and through his attorneys, Steven K. Gradert and Timothy J. Henry, Assistant Federal Public Defenders for the District of Kansas, and offers to the Court the following proposed jury instructions in the above-captioned matter, with accompanying authority. Further, defendant moves the Court for leave to supplement or delete from the attached instructions after the commencement of the trial in the above-captioned case, if the evidence introduced at trial would require the proposal of additional instructions by the defendant.

                                              Respectfully submitted,

                                              s/Steven K. Gradert
                                              STEVEN K. GRADERT
                                              Sup. Ct. No. 12781
                                              Assistant Federal Public Defender
                                              Federal Public Defender Office
                                              301 N. Main, Suite 850
                                              Wichita, KS 67202
                                              Telephone: (316) 269-6445
                                              Fax: (316) 269-6175
                                              Email: steve_gradert@fd.org

        Counsel for defendant Cox
        <u>s/Timothy J. Henry</u>
        TIMOTHY J. HENRY
        Sup. Ct. No. 12934
        Assistant Federal Public Defender
        Federal Public Defender Office
        301 N. Main, Suite 850
        Wichita, KS 67202
        Telephone: (316) 269-6445
        Fax: (316) 269-6175
        Email: tim_henry@fd.org
        Counsel for defendant Cox

DEFENDANT'S PROPOSED INSTRUCTION NUMBER ____

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

**[Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.]** Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. **[While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.]** It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. **[Reasonable doubt may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.]** A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.

3

If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Authority: 1.05, *Criminal Pattern Jury Instructions for the Tenth Circuit*, (2nd ed. 2011) (Modifications to Pattern Instruction are bracketed in bold).

DEFENDANT'S PROPOSED INSTRUCTION NUMBER \_\_\_\_

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.

And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Authority: 1.08, *Tenth Circuit Pattern Jury Instructions*, (2011).

DEFENDANT'S PROPOSED INSTRUCTION NUMBER ____

Evidence relating to any statement attributed to the defendant alleged to have been made after the commission of the crime (or crimes) charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

Authority: 1.26, *Tenth Circuit Pattern Jury Instructions*, (2011).

DEFENDANT'S PROPOSED INSTRUCTION NUMBER ____

The defendant is charged in count 2-4, and 6-12 with a violation of 26 U.S.C. section 5861(d).

This law makes it a crime for anyone to possess certain kinds of firearms that are not registered to him in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5845 defines "firearm" as including silencer, destructive device, and short barreled rifle.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* the defendant knowingly possessed a firearm, as that term has been defined in this instruction;

Second: the defendant knew of the specific characteristics or features of the firearm, silencer, destructive device, and short barreled rifle, that caused it to be registrable under the National Firearms Registration and Transfer Record;

*Third:* the firearm was or could readily have been put in operating condition; and

*Fourth*: the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. The government is not required to prove that the defendant knew that the firearm was not registered or had to be registered.

Authority: 2.91, *Tenth Circuit Pattern Jury Instructions*, (2011).

DEFENDANT'S PROPOSED INSTRUCTION NUMBER \_\_\_\_

All of the offenses charged in the Indictment require the government to prove beyond a reasonable doubt the defendants had the requisite mental state to be found guilty of each offense. With respect to defendant Shane Cox, the knowledge element in the possession and/or transfer of firearms under the National Firearms Registration and Transfer Record (counts 2-4 and 6-12) requires the government to prove that his conduct was unlawful.

Defendant Cox raises as a complete defense to these charges that he acted in "good faith" in his belief he was following State law that superseded application of the federal law charged in these counts. This law, known as the Kansas Second Amendment Protection Act (K.S.A. 50-1204), states in pertinent part:

> (a) A personal firearm, a firearm accessory or ammunition that is manufactured commercially or privately and owned in Kansas and that remains within the borders of Kansas is not subject to any federal law, treaty, federal regulation, or federal executive action, including any federal firearm or ammunition registration program, under the authority of congress to regulate interstate commerce.

It is a complete defense to these charges alleging defendant's conduct was unlawful if you find that defendant acted in "good faith." A person acts in "good faith" when he has an honestly held belief, opinion, or understanding that the Kansas Second Amendment Protection Act controlled over federal law, even though the belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, if Shane Cox made an honest mistake or had an honest misunderstanding about the application of the Kansas Second Amendment Protection Act to his conduct that he believed was

lawful, then he did not act unlawfully, and you should return a verdict of not guilty as to those counts.

Shane Cox does not have the burden of proving "good faith." "Good faith" is a defense because it is inconsistent with the requirement of the offenses charged that his conduct of knowingly possessing or transferring a firearm, as that term is defined, was unlawful. As I have told you, it is the government's burden to prove beyond a reasonable doubt each element of the offense, including the mental state element. In deciding whether the government proved that Shane Cox acted with the requisite mental state or, whether he acted in good faith, you should consider all of the evidence presented in the case that may bear on Mr. Cox's state of mind.

If you find from the evidence that Shane Cox acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that Shane Cox acted with the required mental state, you must find him not guilty of the offense in question.

Authority: 5.07, *Third Circuit Pattern Jury Instructions*, (2009) (As modified above).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,
      *Plaintiff,*

v.                                  Case No. **15-10150-01, 02 JTM**

**SHANE COX, and**
**JEREMY KETTLER**,
      *Defendants.*

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PROPOSED GOOD FAITH JURY INSTRUCTION**

---

Defendant Shane Cox, through counsel, Steven K. Gradert and Timothy J. Henry, Assistant Federal Public Defenders, file this Memorandum in support of its position for instructing the jury on defendant's good faith reliance on State law and, in particular, the Kansas Second Amendment Protection Act (SAPA).

> "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 108 S. Ct. 883, 887, 99 L.Ed.2d 54 (1988); *see United States v. Hopkins*, 744 F.2d 716, 718 (10th Cir. 1984) (en banc). In addition, we have held that the trial court must instruct separately on the defense of good faith: "[I]nstructions on willfulness, on aspects of intent, on untruth of representations or fraudulent statements are *not* sufficient for this purpose.[ ] There must be a full and clear submission of the good faith defense as such." *Hopkins*, 744 F.2d at 718 (emphasis in original). As noted earlier, Harting's only defense was his asserted good-faith misunderstanding of his duty to file.

*United States v. Harting*, 879 F.2d 765, 767 (10th Cir. 1989) (citation omitted).[1]

Unlike in *Bowling*, *supra* at fn. 1, the present criminal prosecution charging registration violations under Title 26, the Internal Revenue Code, does not expound independently on defendant's mental state. In *Bowling*, the good faith instruction was in addition to an instruction on the intent to defraud, and the panel needed only to decide whether failing to give the additional good faith instruction was harmless error. *United States v. Bowling*, 619 F.3d 1175, 1183 (10th Cir. 2010), *see also Bowling*, 2009 WL 6854970, at* 1. However, in doing so, the Tenth Circuit reiterated the standard for giving "theory of defense" instructions, especially where the present instructions (or the statute) don't address adequately the theory of defense being propounded.

> We review instructions as a whole to determine whether they accurately informed the jury of the governing law. *See United States v. Pinson*, 542 F.3d 822, 831 (10th Cir. 2008). "[A] theory of defense instruction is required only if, without the instruction, the district courts instructions were erroneous or inadequate." *United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005) (internal quotation marks omitted). While a defendant is entitled to an instruction on his theory of defense where some evidence and the law supports the theory, such an instruction is not required if it would "simply give the jury a clearer understanding of the issues." *See id.*

---

[1] In *United States v. Bowling*, 2009 WL 6854970 (10th Cir., Dec. 23, 2009) (en banc), the Tenth Circuit overturned *United States v. Hopkins*, 744 F.2d 716 (10th Cir. 1984), and remanded to the original panel for supplemental briefing. It held, "a separate good faith instruction is no longer necessary **where a district court properly instructs the jury on the element of intent**[.]" *United States v. Bowling*, 619 F.3d 1175, 1183 (10th Cir. 2010) (emphasis supplied) (finding the intent to defraud instruction necessarily implies there was no good faith).

12

*Bowling,* 619 F.3d at 1183-84; *see also, United States v. Abramson-Schmeiler,* 448 Fed. Appx. 837, * 6 (10th Cir., November 29, 2011) ("A defendant is entitled to an instruction on his theory of the case if the instruction is a correct statement of the law, and if he has offered sufficient evidence for the jury to find in his favor.").

Here, the good faith instruction submitted by Shane Cox is not sufficiently explained in other instructions, and isn't simply giving a clearer understanding of the issues. Without it, the instructions as a whole do not accurately inform the jury of the governing law or his theory of defense and, therefore, are inadequate.

The evidence in support of the good faith defense instruction came mostly from Shane Cox's testimony, but was also corroborated by other witnesses that testified to Shane's belief that the Kansas Second Amendment Protection Act took precedents over the federal law, because that's what the Kansas law said it did. *See* K.S.A. 50-1204 (Any firearm or accessory made in Kansas and remains in Kansas "is not subject to any federal law, treaty, federal regulation, or federal executive action, including any federal firearm or ammunition registration program").

In fact, the Attorney General for the State of Kansas successfully intervened in this case to defend the constitutionality of the Kansas Second Amendment Protection Act should it be raised. *See* Dkt. # 56. Shane Cox didn't testify that he disagreed with federal law, or didn't follow it because he believed it unconstitutional. He testified that he thought it didn't apply given the Second Amendment Protection Act specifically said his conduct was "not subject to any federal law, [or] federal

13

regulation . . . including any federal firearm or ammunition registration program[.]" K.S.A. 50-1204(a). That's exactly what he's charged with in this case, a federal law regarding a federal firearm registration program.

Raising a good faith defense and presenting the good faith instruction is not in any way conclusive over the struggle between the State of Kansas as Intervenor, and the National Firearms Registration and Transfer Act. This Court has previously ruled what the law is with respect to this federal criminal prosecution. *See* Dkt. # 57. However, this Court also stated

> Additionally, if the defendants testify, the court doubts that it could prohibit them from stating their awareness of SAPA or prevent them from asserting reliance on that law as they describe their mental state at the time of the alleged offenses. **Such reliance may be unavailing as a legal matter, but it is ultimately up to the jury to determine whether the Government has proved all of the elements of the offense, including intent.**

*Id.* at 3 (emphasis supplied). This is exactly what the good faith instruction does. It provides to the jury the theory of defense in determining whether the required mental state of Shane Cox has been proven by the Government by beyond a reasonable doubt.

Ultimately, the defendant's state of mind with respect to his good faith beliefs are determined by the jury, and are not held up to some objective standard. As the Supreme Court stated in *Cheek*:

> We thus disagree with the Court of Appeals' requirement that a claimed good-faith belief must be objectively reasonable if it is to be considered as possibly negating the Government's evidence purporting to show a defendant's awareness of the legal duty at issue. Knowledge and belief are characteristically questions for the factfinder, in this case the jury. Characterizing a particular belief as not objectively reasonable

> transforms the inquiry into a legal one and would prevent the jury from considering it. It would of course be proper to exclude evidence having no relevance or probative value with respect to willfulness; but it is not contrary to common sense, let alone impossible, for a defendant to be ignorant of his duty based on an irrational belief that he has no duty, and forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.[ ] It is common ground that this Court, where possible, interprets congressional enactments so as to avoid raising serious constitutional questions.[ ]
>
> It was therefore error to instruct the jury to disregard evidence of Cheek's understanding that, within the meaning of the tax laws, he was not a person required to file a return or to pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be. Of course, the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge.

*Cheek v. United States*, 498 U.S. 192, 203-204 (1991) (citations omitted). The fact that there is a State law supporting Shane's position, and that the State's Attorney General has intervened in this case to defend the law Shane relied upon is not only objectively reasonable, but is why the proposed good faith instruction should be given.

Further, the mental state argued in this Memorandum also raises a serious constitutional question under the Fifth Amendment's Due Process Clause if the good faith instruction is not given. Like *Cheek*, the present charges are from Title 26, the Internal Revenue Code. Yet, the *mens rea* element in the present statute fails to include an element of willfulness applicable in *Cheek*, which included willfulness even in the misdemeanor counts under 26 U.S.C. § 7203. Here, Shane Cox is facing up to ten years for each of these charges for conduct that he thought was permitted by State

law that superseded federal law. Clearly, the knowledge element in the present prosecution requires the Government prove Shane knew his conduct was unlawful, as was found in *Bryan, infra,* alleging a similar offense under Title 18. Failing to so find, or to not give the good faith instruction does raise a serious constitutional question that this Court can avoid by providing the proposed good faith instruction.

In *United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002), the Tenth Circuit discussed the then recent Supreme Court decisions over the interplay between a good faith defense and the requisite mental state needing to be proven.

> Rather than following *Ratzlaf,* we look to the Supreme Court's most recent opinion addressing the meaning of willful. In *Bryan v. United States,* 524 U.S. 184, 118 S. Ct. 1939, 141 L.Ed.2d 197 (1998), the defendant was convicted of willfully dealing in firearms without a federal license and conspiring to do so. *Id.* at 189, 118 S. Ct. 1939. The jury was instructed:
>
>> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.
>
> *Id.* at 190, 118 S. Ct. 1939. The Supreme Court endorsed the instruction. It acknowledged *Ratzlaf,* as well as several tax-evasion cases, such as *Cheek v. United States,* 498 U.S. 192, 111 S. Ct. 604, 112 L.Ed.2d 617 (1991), which required the jury to "find that the defendant was aware of the specific provision of the tax code that he was charged with violating." 524 U.S. at 194, 118 S. Ct. 1939. But it distinguished those cases because they "involved highly technical statutes that presented the danger of ensnaring individuals engaged in apparently innocent conduct." *Id.* "As a result," the Court continued, "we held that these statutes 'carv[e] out an exception to the traditional rule' that ignorance of the law is no excuse and require that the defendant have knowledge of the law." *Id.*

> at 194–95, 118 S. Ct. 1939 (quoting *Cheek,* 498 U.S. at 200, 111 S. Ct. 604). Then, in a sentence that applies equally to this case, the Court said, "The danger of convicting individuals engaged in apparently innocent activity that motivated our decisions in the tax cases and *Ratzlaf* is not present here because the jury found that this petitioner knew that his conduct was unlawful." *Id.* at 195, 111 S. Ct. 604.

*United States v. Overholt*, 307 F.3d 1231, 1245–46 (10th Cir. 2002). Here, Shane Cox didn't believe his conduct was unlawful, not because he didn't agree with the federal law, but because the State of Kansas said he didn't have to follow it.

In instructing the jury as to good faith, the Court is simply following the overarching principle initially mentioned in this Memorandum that "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58 (1988).

Moreover, by holding defendant's mental state or knowledge requirement that he knew his conduct was unlawful does not does not run contrary to any specific rule of law. In its ruling in *Bryan*, the Supreme Court emphasized at the end "our grant of certiorari was limited to the narrow legal question whether knowledge of the licensing requirement is an essential element of the offense." *Bryan,* 524 U.S. at 199-200. The Court did not reach any other issue over the level of intent beyond that narrow legal question. Clearly, a ten-year maximum penalty over failure to register and pay a $200 tax should require a criminal level of intent, as there is no question this is a criminal prosecution as opposed to some revenue-generating regulation.

The present case raises a unique issue due to directly conflicting State law on the subject, and should permit the good faith instruction on what is an objectively reasonable defense under the facts of this case. What level of knowledge or mental state required in this case can be debated. It may fall somewhere between that reached in *Cheek* and *Bryan*. But to fail to instruct at all on these issues where the present instruction is inadequate denies the defendant his theory of the defense.

As this Court ruled (Dkt. # 57, p. 3), reliance on SAPA "may be unavailing as a legal matter," it should not preclude the good faith defense that he believed State law controlled over the federal law in this case.

It is unfortunate that the respective jurisdictions have not resolved the conflict between these two conflicting laws. Defense counsel intend to take up the Court's offer to challenge the present prosecution in a separate filing to determine whether the present federal prosecution is constitutional in light of the Tenth Amendment question of whether this is a power not delegated to the United States, but reserved to the States, and specifically all other possible defenses the State of Kansas may raise as an intervening party in this case.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2016, I electronically filed the foregoing DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND MEMORANDUM IN SUPPORT OF GOOD FAITH INSTRUCTION with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Richard L. Hathaway
Assistant U.S. Attorney
rich.hathaway@usdoj.gov

Derek L. Schmidt
Kansas Attorney General
derek.schmidt@ag.ks.gov

Jeffrey A. Chanay
Chief Deputy Attorney General
jeff.chanay@ag.ks.gov

Stephen R. McAllister
Solicitor General of Kansas
steve.mcallister@trqlaw.com

Dwight R. Carswell
Assistant Solicitor General
dwight.carswell@ag.ks.gov

Bryan C. Clark
Assistant Solicitor General
bryan.clark@ag.ks.gov

Ian M. Clark
Ariagno, Kerns, Mank & White, LLC
328 N. Main St.
Wichita, KS  67202
iclark@warriorlawyers.com

One copy hand delivered to:  Shane Cox, Petrolia, KS

                                          s/Timothy J. Henry
                                          TIMOTHY J. HENRY
                                          Sup. Ct. No. 12934
                                          Assistant Federal Public Defender
                                          Federal Public Defender Office
                                          301 N. Main, Suite 850
                                          Wichita, KS 67202
                                          Telephone: (316) 269-6445
                                          Fax: (316) 269-6175
                                          Email: tim_henry@fd.org
                                          Counsel for defendant Cox