# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

NOV 1 4 2016

UNITED STATES OF AMERICA,

Clerk, U.S. District Court
By _____Deputy Clerk

Plaintiff,

vs.

Case No. 15-10150-01, -02-JTM

SHANE COX, and
JEREMY KETTLER,

Defendants.

JURY INSTRUCTIONS

**Instruction No.  1**

MEMBERS OF THE JURY:

The presentation of evidence is now complete. I gave you some general instructions and definitions at the outset of this case and I now give you final instructions. You may read along with me, or you may simply listen as I read these instructions. If you read along, stay with me. You will each be allowed to take your copy of the instructions to the jury room for further reference during your deliberations.

You must follow the law as set out in these instructions and apply that law to the facts you find from the evidence presented in this trial. No single instruction or smaller group of instructions states the law; you must consider all the instructions as a whole. You are not to question the wisdom of any of these instructions.

## Instruction No. 2

You must weigh and consider this case without sympathy and without bias for or against any party. You must not be influenced by anything not within the evidence, the instructions, or your own common sense, knowledge and experience.

Circumstances in the case may arouse sympathy for one party or the other. Sympathy is a common, human emotion. The law does not expect you to be free of such normal reactions. However, the law and your oath as jurors require you to disregard sympathy and not to permit it to influence your verdict.

**Instruction No.** 3

In your deliberations, you must consider only the sworn testimony of the witnesses and the exhibits I admitted into evidence. However, you may draw reasonable inferences from the evidence which you feel are justified in the light of common experience. In other words, you may use your reason and common sense to make deductions and reach conclusions from the facts which have been established by the evidence.

You may also consider both direct and circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating either the guilt or innocence of a defendant. The law does not distinguish between the weight to be given to direct and circumstantial evidence. It requires only that you weigh all of the evidence.

You will have the exhibits in the jury room during your deliberations.

# Instruction No. 4

The law never requires a defendant in a criminal case to call any witnesses or produce any evidence.

# Instruction No. 5

The lawyers' statements, objections and arguments are not evidence. Also, during the course of a trial, I occasionally make comments to you, witnesses, and the lawyers. Do not assume from these comments that I have any opinion concerning any aspect of this case. You must follow these instructions and other instructions or directions I gave to you during the trial, but you should disregard anything else I said during the trial.

## Instruction No. 6

In weighing the evidence and judging the credibility of witnesses, you may, and should, take into consideration the general information which you possess as to matters of common knowledge, observation, and experience of life.

In weighing the testimony of the witnesses, you may consider their demeanor while testifying, their interest or lack of interest in the outcome of the case, and all other facts and circumstances which will help you decide the facts of the case. You will decide whether to believe a witness and in evaluating a witness's testimony, you may want to ask yourself the following questions:

1.  How well could the witness see or hear the things that the witness testified about?

2.  How well was the witness able to remember and describe what happened?

3.  Did the witness understand the questions and answer them correctly?

4.  Did the witness seem believable to you?

If you believe that any witness has intentionally given false testimony on any material fact, you may disregard all or part of his or her testimony, but you are not required to believe or disbelieve all the testimony of any witness. If there has been conflicting testimony, you should reconcile it with truthfulness, if reasonably possible, but if you cannot do so then you must use your best judgment in determining what testimony you will believe.

People often forget things, or they may honestly believe that something happened even though it turns out later that they were wrong. Inconsistencies or

discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to reject such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to an important issue or an unimportant detail, and whether the discrepancy is innocent or intentional.

The testimony of a defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

# Instruction No. 7

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters.

You should consider such expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based on sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

# Instruction No. 8

The law presumes a defendant to be innocent of crime. This presumption remains with a defendant throughout the trial. As noted previously, the law permits the jury to consider only admissible evidence and the reasonable inferences drawn from that evidence in support of any charge against the defendant. As a result, the presumption of innocence alone is sufficient to support a verdict of not guilty.

## Instruction No. 9

An indictment is not evidence of guilt. As I just instructed you, a defendant is presumed by law to be innocent. The government has the burden of proving a defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. If the government fails to prove the defendant guilty beyond a reasonable doubt, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. Reasonable doubt may arise from the evidence, or from the lack of evidence, or from the nature of the evidence. If, based on your consideration of the evidence, you are firmly convinced that a defendant is guilty of a crime charged, you must find him guilty of that crime. If on the other hand, you think there is a real possibility that he is not guilty of that crime, you must give him the benefit of the doubt and find him not guilty of that crime.

**Instruction No.** *10*

You will note that the Indictment charges the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

A separate crime is charged against the defendants in each count of the indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each count.

Your verdict as to any one defendant or any one count, whether it is guilty or not guilty, should not influence your verdict as to any other count.

**Instruction No.  11**

At the beginning of the case, I read the charges in the indictment to you, including Count 1 charging Jeremy Kettler with making a false statement, and Count 5 charging both defendants with conspiracy. Those two charges have been removed from your consideration and are no longer before you for decision.

Do not concern yourself with this development and do not speculate about it. The removal of this portion of the case must not influence your consideration of the portions of the case which you must decide.

# Instruction No. *12*

The indictment charges the defendants with one or more violations of Title 26, U.S.C. § 5861, which is part of the National Firearms Act. The National Firearms Act is a law of the United States regulating and taxing certain types of statutorily-defined firearms. The "firearms" covered by the Act include silencers; short-barreled rifles; and destructive devices. As used in these instructions, the term "firearm" refers only to the specific types of weapons covered by the National Firearms Act.

The term "silencer" means any device for silencing, muffling, or diminishing the report of a portable weapon that will, or is designed to, or may readily be converted to expel a projectile through the action of an explosive.

The term "rifle" means a weapon designed and intended to shoot from the shoulder and designed to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger. The National Firearms Act applies to a short-barreled rifle, which means a rifle having a barrel of less than 16 inches.

The term "destructive device" means an explosive or incendiary bomb or grenade. It also includes any combination of parts either designed or intended for use in converting any device into a bomb or grenade, and from which a destructive device may be readily assembled. "Readily" means without hesitating; without much difficulty; promptly; quickly; easily; immediately; without any problem.

Instruction No. *13*

Defendant Shane Cox is charged in Counts 2, 3, and 4 with violations of 26 U.S.C. § 5861(d). Defendant Jeremy Kettler is charged in Count 13 with a violation of § 5861(d).

Section 5861(d) makes it unlawful for anyone to possess a firearm covered by the National Firearms Act that is not registered to that person in the National Firearms Registration and Transfer Record.

To find a defendant guilty of any of the offenses charged in Counts 2, 3, 4, or 13, the government must prove each of the following essential elements as to that defendant beyond a reasonable doubt:

*First*: That the defendant knowingly possessed a firearm as alleged in that count;

*Second*: That the defendant knew of the characteristics or features of the firearm that caused it to be registrable under the National Firearms Registration and Transfer Record;

*Third*: That the firearm was or readily could have been put in operating condition; and

*Fourth*: That the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. The government is not required to prove that the defendant knew that the firearm was not registered or had to be registered.

 Affirmative defense – Counts 2 and 4 charge Shane Cox with unlawful possession of destructive devices. It is a defense to such a charge that an item alleged to be a destructive device was not designed or redesigned for use as a weapon. For example, an inert grenade is not a destructive device. As to Count 2 and 4, if you find that the item alleged to be a destructive device was not designed or redesigned to be

used as a weapon, then you should find defendant Shane Cox not guilty as to that count.

# Instruction No. 14

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

In the situation where the object is found in a place (such as a room) occupied by more than one person, you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object.

Instruction No.  *15*

Defendant Shane Cox is charged in Counts 6, 7, 8, 9 and 11 with violations of 26 U.S.C. § 5861(e).

Section 5861(e) makes it unlawful for any person to knowingly transfer a firearm in violation of the National Firearms Act. The National Firearms Act requires that before a firearm may be transferred, the transferor must register the firearm to the transferee on the National Firearms Registration and Transfer Record.   The term "transfer" includes selling, renting, loaning, giving away, or otherwise disposing of. The government does not have to prove ownership of a firearm to show that it was transferred.

To find defendant Shane Cox guilty of any of the offenses charged in Counts 6, 7, 8, 9, or 11, the government must prove each of the following essential elements beyond a reasonable doubt:

*First*, That the defendant transferred a firearm as alleged in that count;

*Second*, That the defendant did so knowingly;

*Third*, That the defendant knew of the characteristics or features of the firearm that made it registrable under the National Firearms Registration and Transfer Record; and

*Fourth*, That at the time of the transfer, the firearm was not registered to the transferee on the National Firearms Registration and Transfer Record. The government is not required to prove that the defendant knew that the firearm was not registered or had to be registered.

## Instruction No. 16

Defendant Shane Cox is charged in Count 10 with a violation of 26 U.S.C. § 5861(f).

Section 5861(f) makes it unlawful for any person to make a firearm in violation of the provisions of the National Firearms Act. The National Firearms Act requires each maker of a firearm to register the firearm in the National Firearms Registration and Transfer Record. The maker must do so by obtaining authorization, prior to making the firearm, from the United States Bureau of Alcohol, Tobacco, Firearms and Explosives.

To find defendant Shane Cox guilty of the offense charged in Count 10, the government must prove each of the following essential elements beyond a reasonable doubt:

*First*: That the defendant made a firearm as alleged in Count 10;

*Second*: That the defendant did so knowingly;

*Third*, That the defendant knew of the characteristics or features of the firearm that made it registrable under the National Firearms Registration and Transfer Record; and

*Fourth*: The defendant did so without obtaining authorization, prior to making the firearm, from the Bureau of Alcohol, Tobacco, Firearms and Explosives.

The term "make" includes manufacturing, putting together, altering, or otherwise producing a firearm.

**Instruction No.** *17*

Defendant Shane Cox is charged in Count 12 with a violation of 26 U.S.C. § 5861(a).

Section 5861(a) makes it unlawful for any person to engage in business as a manufacturer or dealer in firearms without having paid the special occupational tax required by Section 5801, or without having registered as required by Section 5802. The term "manufacturer" means any person who is engaged in the business of manufacturing firearms. The term "dealer" means any person, not a manufacturer or importer, engaged in the business of selling, renting, leasing, or loaning firearms.

Section 5801 requires that every manufacturer or dealer in firearms pay, upon first engaging in business and thereafter by July 1st of each year, a special federal occupational tax for each place of business. Section 5802 requires that every manufacturer or dealer in firearms, upon first engaging in business and thereafter by July 1st of each year, must register his name, including any trade name, and the address of his business, with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

To find defendant Shane Cox guilty of the offense charged in Count 12, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

*First*: That the defendant was engaged in the business of manufacturing or dealing in firearms, that is, silencers, as alleged in Count 12;

*Second*: That the defendant did so knowingly;

*Third,* That the defendant knew of the characteristics or features of the firearm that made it registrable under the National Firearms Registration and Transfer Record; and

*Fourth*: That the defendant did so without paying the tax required by Section 5801, or without registering his business as required by Section 5802.

Instruction No.  *18*

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. The government is not required to prove that a defendant knew that his acts were unlawful.

# Instruction No. $/9$

You heard some evidence about a Kansas law known as the "Second Amendment Protection Act." That Act states in part that "a firearm accessory that is manufactured ... and owned in Kansas and that remains within the borders of Kansas is not subject to any federal law ... including any federal firearm ... registration program, under the authority of congress to regulate interstate commerce."

There is also a Kansas statute that prohibits "possessing any device or attachment of any kind designed, used or intended for use in suppressing the report of any firearm," unless that person is in compliance with the National Firearms Act.

Section 5861 of the National Firearms Act, the federal law the defendants are charged with violating, was passed by Congress under its authority to levy taxes. As you will see in the instructions, one of the elements of an offense under § 5861 is that a defendant must have known of the characteristics of the firearm that made it registrable. The government is not required to prove, however, that a defendant knew that the National Firearms Act required a firearm with those characteristics to be registered. For that reason, it is not a defense to a charge under § 5861 that a defendant may have believed, based on a Kansas law, that the National Firearms Act did not require registration of a firearm.

# Instruction No. 20

The question of intent is also a matter for you, as jurors, to determine. Intent is a state of mind. Since it is not possible to look into a person's mind to see what went on, the only way you have of arriving at the intent of the defendant is for you to take into consideration all of the facts and circumstances shown by the evidence, including the exhibits, and determine from all such facts and circumstances what the intent of the defendant was at the time in question.

Similarly, the government may prove motive through circumstantial evidence because there is no way of directly scrutinizing the human mind to reveal precisely what someone was thinking at any given moment.

# Instruction No. 21

The defendants are not on trial for any act or conduct or offense not charged in the Indictment. Further, only these defendants are on trial here. You are not to return a verdict as to the guilt of any person or persons except the defendants.

**Instruction No.** 22

It is human nature to wonder what the consequences of your verdict may be, but you must completely ignore that in your deliberations. Your deliberations must also be free of prejudice or sympathy for or against the government or defendant. At the most fundamental level, you must determine, as to each charge against each defendant, whether the government proved guilt beyond a reasonable doubt. Your decision must be based upon this set of instructions applied to the evidence presented at trial.

# Instruction No. 23

Any verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. In other words, your verdict must be unanimous.

As jurors, your duty is to consult with one another and to deliberate in an effort to reach agreement. Each of you ultimately must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In your deliberations, do not hesitate to re-examine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest belief about the weight or effect of the evidence because of the opinion of your fellow jurors or simply to return a verdict.

You are not partisans. Your interest must be to seek the truth from the evidence in the case.

# Instruction No. 24

Upon retiring to the jury room, you should first select one of your number to act as your presiding juror, who will oversee your deliberations and speak on the jury's behalf in court. A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room. If you reach unanimous agreement on a verdict, the presiding juror should complete the verdict form, date and sign it, and notify my law clerk that you have a verdict. Do not tell my clerk what the verdict is. You will then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please write out your message or question, have the presiding juror sign it, and pass the note to my law clerk. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. With regard to any message or question you might send, you should never state or specify your numerical division at the time unless it is in response to a specific request from me about your division. In other words, do not reveal how the group is voting, unless I specifically ask you about your division.

Nov. 14, 2016

Date

Judge, U.S. District Court